SIMON PARKER AND OTHERS *v.* EAST MONT-
PELIER AND CALAIS.

*Highway. Jurisdiction of County Court.* R. L. ss. 2959, 2969.

The County Court has only appellate jurisdiction under section 2959, R. L., which regulates the laying of a highway on or near a town line, and in a proceeding brought under section 2969, R. L., which regulates the laying of a highway extending into or through two or more towns, has no power to assess one town to pay any part of the expenses of building a highway in another town.

ROAD PETITION brought under section 2969, R. L. Heard on the report of commissioners, September Term, 1886,

Parker *v.* East Montpelier.

Powers, J., presiding. Judgment that the commissioners had no power, under a petition framed as this one was, to award that Calais should bear any part of the expense of building the road lying in East Montpelier. Exceptions by East Montpelier.

The commissioners reported that the highway was needed, and that they caused it to be surveyed, etc. ; that the highway was near the line between the towns of East Montpelier and Calais, and recommended that Calais should pay the land damages in Calais, and build and repair that part of the highway in Calais, and also pay to East Montpelier the sum of $250 towards the expense of making that part of the highway lying in East Montpelier. Only a small proportion of the highway was situated in Calais.

*Heath & Willard*, for East Montpelier.

Nice rules of pleading should not be applied to such proceedings as this. Here it appears from the report, and supplemental report, that the facts were such as to make it entirely appropriate, under section 2958 of the Revised Laws, to require Calais to do something more than build the few rods of road that lay within its limits.

*S. C. Shurtleff*, for Calais.

Neither the petition nor the report of the commissioners brings this case within the provisions of sections 2958 and 2959, R. L. To bring a case within these sections, applications must first be made to the selectmen of the two towns, and on their refusal or neglect to lay the highway, a petition must be made to the County Court. That court has no original jurisdiction.

The opinion of the court was delivered by

Taft, J. This proceeding was brought under section 2969, R. L., by petition of freeholders directly to the County Court. That court held that it had no power to assess the town of

Calais to pay any part of the expense of building the road lying in East Montpelier. This holding was correct. The counsel for the petitioners do not insist that the town of Calais could have been assessed by force of that section, but contend that it was proper to do so under section 2959, R. L., regulating the laying out of a road on or near the line between two towns. The difficulty with this claim is that the County Court had no jurisdiction, under section 2959, to lay out a road; its jurisdiction under that section was appellate, and attached in case the selectmen of the respective towns did not, upon petition, lay out the road, and in such case only. The selectmen of the defendant towns have never been asked to establish the road under this latter section. The County Court could not establish it under that section, having no jurisdiction; and could not assess the town of Calais to help build the road in East Montpelier, having no power to do so by force of the statute under which the proceedings were instituted. The judgment of the County Court therefore was correct and is affirmed.